EARL R. HORINE v. STATE.

No. A-2248.   Opinion Filed March 6, 1915.

APPEAL—Record—Service—Requisites.   The record on appeal to this court must show the issuance and service of summons in error, or the waiver thereof by the Attorney General, or the service of notices of appeal.   Unless one of these three acts is affirmatively shown, this court acquires no jurisdiction to determine the issues raised upon the record; and only has jurisdiction to dismiss the pretended appeal and direct the enforcement of the judgment of the trial court.

(Syllabus by the Court.)

*Appeal from District Court, Adair County;
John H. Pitchford, Judge.*

Earl R. Horine was convicted of embezzlement, and appeals. Dismissed.

*W. J. Crump, E. B. Arnold,* and *W. L. Chase,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Earl R. Horine, was convicted at the October, 1913, term of the district court of Adair county on a charge of embezzlement, and his punishment fixed at imprisonment in the state penitentiary for a term of five years.   Judgment was pronounced on the 4th day of October, 1913.   The appeal was filed in this court on the 13th day of April, 1914.   No summons in error was ever issued and no praecipe therefor was ever filed by counsel for plaintiff in error.   No waiver of summons in error by the Attorney General was ever filed.   No notices of appeal were served as provided by law.

The Attorney General has filed a motion to dismiss the appeal on the ground that no summons in error had been issued; that the same had not been waived by the Attorney General; and that no notices of appeal were served as provided by law.   The response filed on behalf of plaintiff in error admits

the correctness of the statements contained in the motion of the Attorney General, but contends that these omissions were not fatal. We have held in many cases, and to the contrary in none, that the failure to file proof of the service of notice of appeal, or waiver of summons in error, or the issuance and service of same, is fatal to the jurisdiction of this court. Unless one of these acts is done as provided by law, this court acquires no jurisdiction over the subject-matter and has jurisdiction only to dismiss the appeal. Neither of these acts having been done in this case, the court has no alternative except to sustain the motion of the Attorney General to dismiss the appeal.

The motion is sustained and the appeal is dismissed. The trial court is directed to enforce the judgment and sentence imposed.

·DOYLE, P. J., concurs. FURMAN, J., absent.